# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| KARA L. MATTHEWS, | CV-17-66-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | |
| NANCY A. BERRYHILL, Acting Commission of Social Security, | ORDER |
| Defendant. | |

Plaintiff Kara Matthews filed a Complaint requesting a review of the Social Security Administration's decision to deny her disability benefits on July 17, 2017. (Doc. 1). Judge Johnston entered Findings and Recommendations in this matter on February 27, 2018. (Doc. 20.)

Judge Johnston recommended the Court grant Matthews's Motion for Summary Judgment with respect to the Administrative Law Judge's ("ALJ") credibility determination and Dr. Miller's negative statements, and be remanded

1

for further proceedings. *Id.* Judge Johnston further recommended that the Court deny Matthews's Motion for Summary Judgment in all other respects. *Id.*

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## LEGAL STANDARD

The Court's review of the Commissioner's decision is limited. The Court may set aside the Commissioner's decision only when the substantial evidence does not support the decision or the Commissioner based the decision on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).

The Social Security Act regulations provide a five-step sequential evaluation process for determining whether a claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001). The five steps of inquiry are as follows: (1) Is claimant presently working in a substantially gainful activity; (2) Is the claimant's impairment severe; (3) Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1; (4) Is the claimant able to do any work that she has done in the past; and (5) Is the claimant able to do any other work. *Id.* at 954. The claimant has the burden of proof for

steps one through four, and the Commissioner has the burden of proof for step five. *Id.*

## DISCUSSION

The ALJ determined under step three, that Matthews did not have an impairment, or combination of impairments, that met or was medically equal to one of the listed impairments. (Doc. 20 at 8.) At step four, the ALJ determined that Matthews possessed the ability to perform past relevant work as a bus monitor and housing inspector. *Id.* at 9. At step five, the ALJ made the alternative determination that Matthews possessed the ability to make a successful adjustment to other work. *Id.* The ALJ determined that Matthews had not been under a disability since April 30, 2011, and denied her claim.

### A. Credibility

The ALJ must first determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). If the claimant presents this evidence, the "ALJ can only reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* Judge Johnston determined, and the Court agrees, that the ALJ erred in failing to point to the specific parts of Matthews's testimony the ALJ found not credible. (Doc. 20 at 14.)

Judge Johnston further determined, and the Court agrees, that the ALJ failed to support her credibility determination with specific, clear, and convincing reasons. *Id.*

### B. PTSD and Depression

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987). Matthews argues that the ALJ failed to incorporate PTSD as an impairment. (Doc. 20 at 16.) Judge Johnston determined, and the Court agrees, that the ALJ discussed Matthews's PTSD, along with her depression, and determined that neither condition significantly limited her mental ability to perform basic work activities. *Id.*

### C. Medical Evidence

An ALJ, in assessing a disability claim, may rely on the "opinions of three types of physicians: (1) those who treat the claimant; (2) those who examine but do not treat the claimant; and (3) those who neither examine nor treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The deference the Commissioner affords the physician opinions depends upon the classification of the physician. The opinion of the treating physician will be entitled to the greatest weight. *Id.*

### a. Frederick Miller, D.O.

Matthews argues that the ALJ improperly evaluated the opinions of her treating physician, Frederick Miller, D.O. Judge Johnston determined, and the Court agrees, that Dr. Miller's negative findings constitute "significant probative evidence" of Matthews's claimed disabling limitations. (Doc. 20 at 25.) The ALJ did not discuss the vast majority of negative findings that Dr. Miller made that relate to Matthews's claim of low back pain, pain radiating from her low back into her lower extremities, and numbness in the legs and feet. The ALJ further committed legal error when she failed to provide any explanation of why these negative findings were rejected.

### b. Ronald Peterson, M.D.

Matthews argues that the ALJ improperly weighed Dr. Peterson's opinion. Matthews contends that the ALJ was required to find another physician to opine that full range of motion, no atrophy, and normal gate and posture were in themselves objective findings to allow the ALJ to reject Dr. Peterson's opinion. (Doc. 20 at 26.) Judge Johnston determined, and the Court agrees, that substantial evidence exists to support the ALJ's conclusion that Dr. Peterson's opinions to Matthews's postural and lifting limitation were in conflict with his findings that she had full range of motion, normal gait and posture, and no muscle atrophy. *Id.* at

27. The ALJ's finding of inconsistency in Dr. Peterson's record remains a specific and legitimate reason to reject Dr. Peterson's opinion.

### D. Friends and Family Testimony

An ALJ must take into account lay testimony, unless the ALJ gives express reasons that are germane to each witness for rejecting the testimony. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Matthews argues that the ALJ improperly "ignored" statements from Leonard Allgain, Danielle Swan, and Cherise Schultz. (Doc. 20 at 28.) Judge Johnston determined, and the Court agrees, that the ALJ did not ignore these statements, rather she gave them little weight as the statements were inconsistent with the medical evidence. *Id.* at 29. Inconsistency with the medical evidence represents a germane reason to reject lay witness testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

### E. Hypothetical

In assessing residual functional capacity, the adjudicator must consider "limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Matthews argues that for the vocational expert's testimony to have value, the hypothetical must set forth all of plaintiff's impairments, including pain. (Doc. 20 at 30.)

Judge Johnston determined that Matthews fails to state which of her impairments or limitations the ALJ omitted from the hypothetical to the vocational expert. *Id.* The Court agrees. The ALJ's questions to the vocational expert failed to constitute legal error.

## CONCLUSION

The Court has reviewed for clear error Judge Johnston's Findings and Recommendations. The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 20), are ADOPTED IN FULL.

**IT IS ORDERED** that this matter be remanded for the ALJ to re-assess Matthews's credibility and to re-examine Dr. Miller's negative findings, and to adjust or reconsider Matthews's residual functional capacity accordingly.

**IT IS ORDERED** that the ALJ should consider on remand whether different hypothetical statements need to be posed to the vocational expert after properly evaluating Matthews's credibility and Dr. Miller's statements.

**IT IS FURTHER ORDERED** that the ALJ must consider all of Matthews's medically determinable impairments in assessing her residual functional capacity.

DATED this 7th day of May, 2018.

_____
Brian Morris
United States District Court Judge